![USPS logo] UNITED STATES POSTAL SERVICE

Date Produced: 04/03/2023

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3548 0622 04. Our records indicate that this item was delivered on 03/28/2023 at 09:15 a.m. in COLUMBUS, OH 43224. The scanned image of the recipient information is provided below.

Signature of Recipient :   *Dan Kelley* / DAN KELLEY

Address of Recipient :   4400 Easton Comms

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.



EXHIBIT A

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>ADISBEL ZEDA</u>
**Plaintiff**

V.

<u>THE CLEVELAND CLINIC FOUNDATION, ET AL</u>
**Defendant**

**CASE NO.** CV23976814

**JUDGE** ANDREW J. SANTOLI

# SUMMONS    SUMC  CM

**Notice ID:** 50169867

| From: | ADISBEL ZEDA                P1<br>5000 BEHRWALD AVENUE<br>CLEVELAND OH 44144 |
|---|---|

| Atty.: | TAUREAN J. SHATTUCK<br>25825 SCIENCE PARK DRIVE STE 200<br>BEACHWOOD, OH 44122-0000 |
|---|---|

| To: | THE CLEVELAND CLINIC FOUNDATION        D1<br>NAT. GEN. MAN. CORP C/O CT CORP SYS<br>4400 EASTON COMMONS WAT STE 125<br>COLUMBUS OH 43219-0000 |
|---|---|

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf).

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By_____
**Deputy**

**Date Sent:** <u>03/23/2023</u>

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 21, 2023 11:50**

By: TAUREAN J. SHATTUCK 0097364

Confirmation Nbr. 2806988

ADISBEL ZEDA                                                    CV 23 976814

    vs.
                                                           **Judge:** ANDREW J. SANTOLI

THE CLEVELAND CLINIC FOUNDATION, ET AL

**Pages Filed:** 13

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ADISBEL ZEDA<br>5000 Behrwald Avenue<br>Cleveland, Ohio 44144 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| THE CLEVELAND CLINIC FOUNDATION<br>1730 West 25th Street<br>Cleveland, Ohio 44113 | )<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>National General Management Corp.<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219 | )<br>)<br>)<br>)<br>)<br>) | |
| -and- | ) | |
| ELLIE MCNAMARA<br>c/o The Cleveland Clinic Foundation<br>1730 West 25th Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) | |
| -and- | ) | |
| JENNIFER SCHILL<br>c/o The Cleveland Clinic Foundation<br>1730 West 25th Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Adisbel Zeda, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

**PARTIES AND VENUE**

1. Zeda is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.



2. The Cleveland Clinic Foundation ("Cleveland Clinic") is a domestic corporation for non-profit that operated a business located at 1730 West 25th Street, Cleveland, Ohio 44113.

3. Cleveland Clinic was at all times hereinafter mentioned an employer within the meaning of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*.

4. Cleveland Clinic was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

5. Cleveland Clinic was at all times hereinafter mentioned an employer within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

6. Upon information and belief, Defendant Ellie McNamara is a resident of the state of Ohio.

7. McNamara made and/or participated in the adverse actions asserted herein.

8. Upon information and belief, Defendant Jennifer Schill is a resident of the state of Ohio.

9. Schill made and/or participated in the adverse actions asserted herein.

10. All of the material events alleged in this Complaint occurred in Cuyahoga County.

11. Within two years of the conduct alleged below, Zeda filed Charges of Discrimination with the Ohio Civil Rights Commission ("OCRC"), Charge Nos. CLEB4(47930)10052022, CLEE4(47931)10052022, and CLEE4(47932)10052022.

12. On or about January 12, 2023, the OCRC issued and mailed Notice of Right to Sue letters to Zeda regarding the Charges of Discrimination brought by Zeda.

13. Zeda received her Right to Sue letters from the OCRC in accordance with R.C. § 4112.052 – which has been attached hereto as Plaintiff's Exhibit A, B, and C.

14. Zeda has properly exhausted her administrative remedies pursuant to R.C. § 4112.051.

15. Zeda has timely filed this Complaint within the relevant statute of limitations pursuant to R.C. § 4112.052.



16. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (4).

17. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

18. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

19. Zeda is a female.

20. Zeda is a former employee of Cleveland Clinic.

21. Zeda began working for Cleveland Clinic on or around September 13, 2021.

22. Prior to September 13, 2021, Zeda had previously worked for Cleveland Clinic from approximately 2017 to 2020.

23. Cleveland Clinic employed Zeda as a clinical technician.

24. McNamara was Zeda's immediate supervisor.

25. During all material events asserted herein, McNamara has and/or had authority to hire, fire, and/or discipline employees.

26. McNamara did not participate in the decision to hire Zeda.

27. Schill was Zeda's immediate supervisor.

28. During all material events asserted herein, Schill has and/or had authority to hire, fire, and/or discipline employees.

29. Schill did not participate in the decision to hire Zeda.

30. On or around January 24, 2022, Zeda discovered that she was pregnant.

31. Zeda informed Defendants of her pregnancy.

32. Zeda had a due date of September 26, 2022, for her baby.



33. Defendants are subject to the provisions of the FMLA.

34. As of January 24, 2022, Zeda qualified for protected leave under the FMLA.

35. As of January 24, 2022, Zeda worked for Defendants for at least 12 months.

36. As of January 24, 2022, Zeda had at least 1,250 hours of service for Defendants during the previous 12 months.

37. As of January 24, 2022, Zeda was entitled to utilize FMLA leave for pregnancy-related issues.

38. During February 2022, Zeda missed multiple days of work from pregnancy-related issues ("February Pregnancy Absences").

39. The request for leave for the February Pregnancy Absences was a reasonable accommodation request related to Zeda's pregnancy.

40. Following each February Pregnancy Absences, Zeda informed Defendants that her absences were due from pregnancy-related issues.

41. Following each February Pregnancy Absences, Defendants issued Zeda attendance infractions.

42. Following each February Pregnancy Absences, Defendants failed to inform Zeda about her rights under the FMLA.

43. During March 2022, Zeda missed multiple days of work from pregnancy-related issues ("March Pregnancy Absences").

44. The request for leave for the March Pregnancy Absences was a reasonable accommodation request related to Zeda's pregnancy.

45. Following each March Pregnancy Absences, Zeda informed Defendants that her absences were due from pregnancy-related issues.

46. Following each March Pregnancy Absences, Defendants issued Zeda attendance infractions.



47. Following each March Pregnancy Absences, Defendants failed to inform Zeda about her rights under the FMLA.

48. On or around April 4, 2022, Zeda passed out while she was working and had to go to the emergency room in the same building that she worked ("April Emergency Room Visit").

49. The April Emergency Room Visit was caused by pregnancy-related issued.

50. Defendants were aware of the April Emergency Room Visit because Zeda's team lead took her down to the emergency room.

51. During the April Emergency Room Visit, Zeda's physician ordered her to go home and stay home for a few days to rest.

52. Following the April Emergency Room Visit, Zeda called off the next day, informing Defendants of her physician's orders.

53. Calling off the next day was a request for reasonable accommodations for pregnancy-related issues.

54. Following the April Emergency Room Visit, Defendants issued Zeda attendance infractions.

55. Following the April Emergency Room Visit, Defendants failed to inform Zeda about her rights under the FMLA.

56. During April 2022, Zeda missed multiple days of work from pregnancy-related issues ("April Pregnancy Absences").

57. The request for leave for the April Pregnancy Absences was a reasonable accommodation request related to Zeda's pregnancy.

58. Following each April Pregnancy Absences, Zeda informed Defendants that her absences were due from pregnancy-related issues.

59. Following each April Pregnancy Absences, Defendants issued Zeda attendance infractions.



60. Following each April Pregnancy Absences, Defendants failed to inform Zeda about her rights under the FMLA.

61. On or around April 29, 2022, Defendants terminated Zeda's employment.

62. Defendants terminated Zeda's employment because of her pregnancy.

63. Defendants' termination of Zeda's employment interfered with her ability to utilize her rights under the FMLA.

**COUNT I: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e *et seq.***

64. Zeda restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. Zeda is a member of a statutorily protected class based on her gender and pregnancy under 42 U.S.C. § 2000e *et seq*.

66. Defendants treated Zeda differently than other similarly situated employees based on her gender and pregnancy.

67. Defendants discriminated against Zeda on the basis of her gender and pregnancy throughout her employment with the company.

68. Defendants terminated Zeda's employment without just cause.

69. Defendants terminated Zeda's employment based on her gender and pregnancy.

70. Defendants' discrimination against Zeda based on her gender and pregnancy violates 42 U.S.C. § 2000e *et seq*.

71. Zeda suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e *et seq*.

72. As a direct and proximate result of Defendants' conduct, Zeda suffered and will continue to suffer damages, including economic and emotional distress damages.



## COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

73. Zeda restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Zeda is a member of a statutorily protected class based on her gender and pregnancy under R.C. § 4112.01 *et seq.*

75. Defendants treated Zeda differently than other similarly situated employees based on her gender and pregnancy.

76. Defendants discriminated against Zeda on the basis of her gender and pregnancy throughout her employment with the company.

77. Defendants terminated Zeda's employment without just cause.

78. Defendants terminated Zeda's employment based on her gender and pregnancy.

79. Defendants' discrimination against Zeda based on her gender and pregnancy violates R.C. § 4112.01 *et seq.*

80. Zeda suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

81. As a direct and proximate result of Defendants' conduct, Zeda suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

82. Zeda restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

84. Defendants are subject to the provisions of the FMLA.



85. As of January 24, 2022, Zeda qualified for protected leave under the FMLA.

86. As of January 24, 2022, Zeda worked for Defendants for at least 12 months.

87. As of January 24, 2022, Zeda had at least 1,250 hours of service for Defendants during the previous 12 months.

88. As of January 24, 2022, Zeda was entitled to utilize FMLA leave for pregnancy-related issues.

89. Defendants failed to properly advise Zeda of his rights under the FMLA.

90. Defendants unlawfully interfered with Zeda's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

91. Defendants' act of writing Zeda up for absences that would have qualified for FMLA leave violated and interfered with Zeda's FMLA rights.

92. As a direct and proximate result of Defendants' conduct, Zeda is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Zeda demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Zeda to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Zeda for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;



(d) An award of reasonable attorneys' fees and non-taxable costs for Zeda's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                                                Respectfully submitted,

*/s/ Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  Taurean.Shattuck@spitzlawfirm.com

*Attorney For Plaintiff*



## JURY DEMAND

Plaintiff Adisbel Zeda demands a trial by jury by the maximum number of jurors permitted.

*/s/ Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

10



# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
William W. Patmon, III
Madhu Singh
J. Rita McNeil Danish
Charlie Winburn



Angela Phelps-White,
Executive Director

---

**Charging Party,**   )
                      )
   Adisbel Zeda   )
                      )
**v.**                )   **Charge No.** CLEB4(47930)10052022
                      )               22A-2023-00410
**Respondent,**       )
                      )
   The Cleveland Clinic Foundation   )
                      )

---

## NOTICE OF RIGHT TO SUE

---

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. NOTE: If you request reconsideration of the Commission's determination, this NOTICE OF RIGHT TO SUE will be vacated. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

                                            **FOR THE COMMISSION**

                                            *Vera F. Boggs*
                                            Vera F. Boggs
                                            Cleveland Regional Director
                                            615 W. Superior Ave., Suite 885
                                            Cleveland, OH 44113
                                            (216) 787-3150

                                            Date mailed: January 12, 2023

**Exhibit B**

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
William W. Patmon, III
Madhu Singh
J. Rita McNeil Danish
Charlie Winburn



Angela Phelps-White,
Executive Director

---

| | |
|---|---|
| **Charging Party,** )<br>)<br>Adisbel Zeda )<br>)<br>v. )<br>)<br>**Respondent,** )<br>)<br>Ellie McNamara )<br>) | **Charge No.** CLEE4(47931)10052022<br>22A-2023-00412 |

---

## NOTICE OF RIGHT TO SUE

---

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. NOTE: If you request reconsideration of the Commission's determination, this NOTICE OF RIGHT TO SUE will be vacated. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

FOR THE COMMISSION

*Vera F. Boggs*
Vera F. Boggs
Cleveland Regional Director
615 W. Superior Ave., Suite 885
Cleveland, OH 44113
(216) 787-3150

Date mailed: January 12, 2023

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
William W. Patmon, III
Madhu Singh
J. Rita McNeil Danish
Charlie Winburn



Angela Phelps-White,
Executive Director

---

| | |
|---|---|
| **Charging Party,** ) | |
| ) | |
| Adisbel Zeda ) | |
| ) | |
| v. ) | Charge No. CLEE4(47932)10052022 |
| ) | 22A-2023-00413 |
| **Respondent,** ) | |
| ) | |
| Jennifer Schill ) | |
| ) | |

---

## NOTICE OF RIGHT TO SUE

---

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. NOTE: If you request reconsideration of the Commission's determination, this NOTICE OF RIGHT TO SUE will be vacated. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

**FOR THE COMMISSION**

*Vera F. Boggs*
Vera F. Boggs
Cleveland Regional Director
615 W. Superior Ave., Suite 885
Cleveland, OH 44113
(216) 787-3150

Date mailed: January 12, 2023